# W. T. ALLEN *v.* HOPSON BAYOU DRAINAGE DISTRICT.

## [64 South. 418.]

1. DRAINS. *Proceedings for establishment. Assessment roll. Collateral attack. Mode of assessment. Code.1906, sections 1682-1727. Acts 1912, chapter 202.*

   Where after a drainage district was organized under the provisions of chapter 39, Code 1906, said chapter was amended by the Acts of 1912, chapter 202 so as to permit drainage districts to issue bonds to an amount equal to the total assessed benefits to the lands, the drainage district exhibited its petition in the chancery court asking the court to permit an amendment of its original assessment roll, an owner of land within the district could not in such proceeding attack the validity of the original assessment, since such questions were settled in the original decree and the landowner then had his day in court.

2. DRAINS. *Mode of assessments.*

   Under Code 1906, chapter 39 as amended by Laws 1912, chapter 202 it is not necessary for the commissioners in assessing the benefits upon the "several tracts of land" to adopt forty acres as the unit.

APPEAL from the chancery court of Coahoma county. HON. M. E. DENTON, Chancellor.

Action by W. T. Allen against the Hopson Bayou Drainage District. From a judgment for defendant plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Maynard & Fitzgerald,* attorneys for appellant.

*Chas. W. Clark,* attorney for appellee.

The record in this case is lost.

COOK, J., delivered the opinion of the court.

In 1908 the Hopson Bayou Drainage District was organized under the provisions of chapter 39 of the Code

of 1906.   In the organization and assessment of benefits
to the land embraced in the district the statute was strict-
ly followed.   Appellant's lands, upon his own petition,
form a part of the district.   After the organization of
the district and the approval of the assessments by the
court, by proper proceedings and by the approval of the
chancery court, the bonds of the district for eighty per
cent. of the assessed benefits were issued and sold.   The
money derived from the sale of the bonds was used for
the purpose of perfecting a drainage system for the lands
embraced in the district.   In 1912 the legislature amended
chapter 39 of the Code of 1906, extending the powers of
drainage districts to issue bonds to an amount equal to
the total assessed benefits to the lands.   Chapter 202,
Acts of 1912.

After the adoption of the amendment, the Hopson
Bayou District, desiring to take advantage of the addi-
tional powers conferred upon it by the legislature to
issue bonds, exhibited its petition in the chancery court,
asking the court to permit an amendment of the original
assessment roll.   The petition alleges that the proposed
amended or supplemental assessment roll does not in-
crease or diminish the assessed benefits of any tract of
land in the district; that in making up the original roll
clerical errors crept into same; that, in some instances,
the original assessment roll assessed the lands in larger
subdivisions than forty acres, while the proposed
amended or supplemental roll divides the land into forty-
acre tracts, without changing the assessed benefits of any
tract.   Appellant filed objections to this petition, by
which he seeks to attack and overthrow the original as-
sessment approved by the court in 1908, upon the faith
of which assessment the money was obtained to drain
the lands of the district.

The theory of appellant seems to be that the petition
of the drainage commissioners, the proposed supplemen-
tal roll, and the original roll, taken together, show that

the original assessment roll was and is void, and that, this being true, he asks the court to enter an order taking his lands out of the district. He offered to prove by the commissioners that the original assessment of benefits was arbitrary and unconstitutional. Stated in another way, the objector insists that the petition to amend the original roll reopens all of the questions properly before the court when the district was originally formed, and when the court approved the original assessment of benefits. Proceeding upon this theory, he offered to prove by the drainage commissioners that they did not apportion the benefits in accordance with the law.

We do not think that the corporation itself, or the owners of the land in the district, can in this way attack and nullify the original assessment. The landholders had their day in court, and every opportunity was offered them to have all these questions adjudicated, and, when adjudicated, all parties in interest were given the right to appeal from the judgment of the court. Section 1702, Code of 1906. Appellant made no objections to the assessment of his lands, nor to the decree of the court approving same; but he now seeks to have the court reexamine the facts, because, forsooth, it is said that the drainage commissioners have disclosed facts which nullify all of the decrees heretofore entered by the court.

Should the courts recognize and approve this refinement, it would afford an easy means whereby the benefits of drainage could be secured with the money of others and without cost to the owners of lands. The court below was not convinced by the subtle reasoning of appellant, nor is this court. In its decree the chancery court expressly found the facts to be as set forth in the petition, viz.: That the proposed amendment roll was in all substantial particulars the same as the original roll; that it only corrected clerical errors; that it merely assessed each forty-acre tract separately, without changing the

original assessment of any tract; and, lastly, and what is more important, the court in its decree preserved the original assessment as the final assessment of the benefits to the land. It seems, therefore, that appellant has no cause to complain, because, if at any time a question arises as to the assessment of his lands, the original assessment roll, which he approved by his silence, will furnish the solution of the question.

It seems to be the idea of counsel for appellee that, in assessing the benefits upon the "several tracts of land," it is the duty of the commissioners to adopt forty acres as the unit, and that whenever it is practical the lands should be assessed in forty-acre subdivisions. While this may be a convenient form and sometimes a proper way to make assessments, we do not think it is a necessary form.

However, appellant does not object to his lands being assessed in tracts of forty acres each, and inasmuch as that seems to have been the only change made by the supplemental roll, the decree of the court below will be affirmed.

*Affirmed.*